**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | | |
|---|---|---|
| DANA T. BRAUNSKILL, | : | **CIV. NO. 18-14851 (RMB)** |
| Plaintiff | : | |
| v. | : | **OPINION** |
| OFFICER JEFFREY ROBINSON, *et al.*, | : | |
| Defendants | : | |

**BUMB, DISTRICT JUDGE**

Plaintiff Dana T. Braunskill, a prisoner confined at Northern State Prison in Newark, New Jersey brings this civil rights complaint under 42 U.S.C. § 1983. (Compl., ECF No. 1.) Plaintiff filed an application to proceed *in forma pauperis* ("IFP") (ECF No. 4), which establishes his eligibility to proceed without prepayment of fees under 28 U.S.C. § 1915.

When a prisoner is permitted to proceed without prepayment of the filing fee or when the prisoner pays the filing fee for a civil action and seeks redress from a governmental entity, officer or employee of a governmental entity, 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b) and 42 U.S.C. § 1997e(c)(1) require courts to review the complaint and *sua sponte* dismiss any claims that are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is

immune from such relief. For the reasons discussed below, the Court will dismiss the complaint without prejudice for failure to state a claim.

I.   *Sua Sponte* Dismissal

Courts must liberally construe pleadings that are filed *pro se*. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Thus, "a *pro se* complaint, however inartfully pleaded, must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Id. (internal quotation marks omitted). "Court personnel reviewing *pro se* pleadings are charged with the responsibility of deciphering why the submission was filed, what the litigant is seeking, and what claims she may be making." See Higgs v. Atty. Gen. of the U.S., 655 F.3d 333, 339-40 (3d Cir. 2011) (quoting Jonathan D. Rosenbloom, Exploring Methods to Improve Management and Fairness in Pro Se Cases: A Study of the Pro Se Docket in the Southern District of New York, 30 Fordham Urb. L.J. 305, 308 (2002)).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly,

550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556.) Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. Id.

Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice but must permit the amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

II. DISCUSSION

A. The Complaint

Plaintiff alleges the following facts in his complaint, accepted as true for purposes of this screening opinion. On November 29, 2017, in the courtyard at Bayside State Prison, Plaintiff was repeatedly punched, stomped, kicked and struck by Officers Jeffrey Robinson, Constantine West, Albert Vanderlinden, Kyle Brown, R. Byrd and W. Hewitt. (Compl., ECF. No. 1 at 2.)

3

Plaintiff was assaulted before and after he was on the ground and handcuffed. (Id.) Plaintiff received medical treatment for injuries to his face, head, ribs, back, nose and ankle. (Id.) Plaintiff raises claims of excessive force and retaliation for exercise of his constitutional rights.

  B. <u>Claims Under 42 U.S.C. § 1983</u>

A plaintiff may assert a cause of action under 42 U.S.C. § 1983 for violations of his constitutional rights. Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

To state a claim for relief under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States, and that the constitutional deprivation was caused by a person acting under color of state law. <u>West v. Atkins</u>, 487 U.S. 42, 48 (1998); <u>Malleus v. George</u>, 641 F.3d 560, 563 (3d Cir. 2011).

   1. Excessive Force Claim

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992). Accepting Plaintiff's allegations as true, which this Court must do upon screening the Complaint, Plaintiff's Eighth Amendment excessive force claim may proceed against the defendants.

2. First Amendment Retaliation Claim

To establish a First Amendment retaliation claim, a plaintiff must allege that "(1) his conduct was constitutionally protected; (2) he suffered an adverse action at the hands of prison officials; and (3) his constitutionally protected conduct was a substantial or motivating factor in the decision to discipline him." Watson v. Rozum, 834 F.3d 417, 422 (3d Cir. 2016) (citing Rauser v. Horn, 241 F.3d 330 (3d Cir. 2001)).

Plaintiff alleges the excessive force used against him "is also a form of continued retaliatory conduct and brutality against me by the Department of Corrections by officers and nepotism and or abuse of authority and power for my exercising my constitutional rights as a prisoner." (Compl., ECF No. 1 at 2.) Plaintiff failed to allege what constitutionally protected conduct he engaged in

5

that motivated the defendants to beat him. The Court will dismiss this claim without prejudice for failure to state a claim. Plaintiff is permitted to file an amended complaint if he can allege additional facts in support of a First Amendment retaliation claim. If Plaintiff files an amended complaint and it is permitted to proceed, the amended complaint must be served on the defendants pursuant to Federal Rule of Civil Procedure 4.

III. CONCLUSION

For the reasons stated above, Plaintiff's Eighth Amendment excessive force claim may proceed, and the Court will dismiss the First Amendment retaliation claim without prejudice for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii); 1915A(b)(i) and 42 U.S.C. § 1997e(c).

An appropriate order follows.


DATE: January 23, 2019

                                s/Renée Marie Bumb
                                **RENÉE MARIE BUMB**
                                **United States District Judge**