[D.I. 12]
[D.I. 16]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

DANA T. BRAUNSKILL,

        Plaintiff,

    v.

OFFICER JEFFREY ROBINSON, et al.,

        Defendants.

Civil No. 18-14851 (RMB/AMD)

**<u>ORDER</u>**

This matter comes before the Court by way of motions of *pro se* Plaintiff Dana T. Braunskill (hereinafter, "Plaintiff") for leave to file an amended complaint [D.I. 12] and for *pro bono* counsel [D.I. 16]. (*See* Motion to Amend Complaint [D.I. 12], Mar. 1, 2019; Motion for Pro Bono Counsel [D.I. 16], Apr. 10, 2019.) The Court has considered Plaintiff's submissions and decides the matter pursuant to Federal Rule of Civil Procedure 78(b). For the reasons set forth herein, the motions to amend and to appoint *pro bono* counsel are denied.

On October 9, 2018, Plaintiff submitted the initial complaint. (Compl. [D.I. 1], Oct. 9, 2018.) In an Order dated January 23, 2019, the District Court granted Plaintiff leave to

1

proceed *in forma pauperis* and ordered the Clerk of Court to file Plaintiff's complaint. (Order [D.I. 6], Jan. 23, 2019.) On February 7, 2019, Summons issued as to Defendants Kyle Brown, R. Byrd, W. Hewitt, Constantine Robinson, Jeffery Robinson, and Albert Vanderlinden. (Summons Issued [D.I. 9], Feb. 7, 2019.) The Court notes that Defendants have not yet answered the complaint. On February 19, 2019, the Court denied without prejudice Plaintiff's motion to appoint *pro bono* counsel as premature. (Order [D.I. 11], February 19, 2019.)

The Court first addresses Plaintiff's motion to amend the complaint. The Court notes that Plaintiff is a *pro se* litigant, and "should be afforded a certain degree of leniency, due to [an] unfamiliarity with the judicial process[.]" *Kongtcheu v. Hosp. for Special Surgery*, No. 13-1854, 2015 WL 502071, at *2 (D.N.J. Feb. 5, 2015), *vacated on other grounds*, 2015 WL 13675567 (D.N.J. Sept. 30, 2015) (citation omitted). However, "*pro se* litigants are still 'bound by this Court's orders, local rules, policies and procedures, as well as the Federal Rules of Civil Procedure.'" *Id.*

Pursuant to Federal Rule of Civil Procedure 15(a), leave to amend pleadings shall be "freely give[n]" when "justice so requires." Fed. R. Civ. P. 15(a)(2). However, since Plaintiff proceeds pursuant to 28 U.S.C. § 1915, the Court must review "before docketing, if feasible . . . [the proposed amended] complaint" and "dismiss the complaint, or any portion of the

2

complaint if the complaint . . . fails to state a claim upon which relief may be granted[.]" 28 U.S.C. §1915A(a)-(b). *See also Komis v. Owens*, No. 16-5716, 2016 WL 6808483, at *1 (D.N.J. Nov. 16, 2016) (explaining a court must dismiss *sua sponte* "any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief") (*citing* 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)). Under Federal Rule of Civil Procedure Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" FED. R. CIV. P. 8(a)(2). Furthermore, Rule 8(d) provides that "[e]ach allegation must be simple, concise, and direct." FED. R. CIV. P. 8(d). "'Taken together,' Rules 8(a) and 8(d)(1) 'underscore the emphasis placed on clarity and brevity by the federal pleading rules.'" *Binsack v. Lackawanna Cty. Prison*, 438 F. App'x 158, 160 (3d Cir. 2011) (quoting *In re Westinghouse Secs. Litig.*, 90 F.3d 696, 702 (3d Cir. 1996)). The purpose of Rule 8 is to give defendants "'fair notice of what the . . . claim is and the grounds upon which it rests.'" *Olmo v. Atlantic City Parasail, LLC*, No. 13-4923, 2016 WL 1728964, at *5 (D.N.J. Apr. 28, 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (internal quotation marks omitted). Furthermore, Plaintiff's amended complaint must comply with Federal Rule of Civil Procedure 10(b) which states that "[a] party must state its claims . . . in numbered paragraphs, each

limited as far as practicable to a single set of circumstances." FED. R. CIV. P. 10(b). Local Civil Rule 15.1 requires a party seeking to amend a pleading to "attach to the motion: (1) a copy of the proposed amended pleading; and (2) a form of the amended pleading that shall indicate in what respect(s) it differs from the pleading which it proposes to amend, by bracketing or striking through materials to be deleted and underlining materials to be added." L. Civ. R. 15.1(a).

The Court finds the proposed amended complaint fails to comply with Federal Rules of Civil Procedure 8 and 10. While it appears that Plaintiff seeks to add factual specificity to his complaint, the allegations proffered in the proposed amended complaint are not separated by paragraph and each paragraph is not limited to a single set of circumstances. Several paragraphs are divided into multiple sub-sections that relate to different factual circumstances. For example, in Paragraph 1, Plaintiff avers that on November 29, 2017, Defendant Robinson verbally assaulted Plaintiff; then in sub-paragraph c within Paragraph 1, Plaintiff describes multiple defendants "attacking" Plaintiff in response to a "code 33 incident 'assault' alert." (*See* Proposed Am. Compl. [D.I. 12], pp. 2-3 on the docket.) In sub-paragraph e of Paragraph 1, Plaintiff makes allegations with respect to purported retaliation for filing a grievance letter, and in sub-paragraph f, Plaintiff avers that he was "next fighting for [his]

4

life [b]ecause [he was] being 'attacked' by Officer Constantine West [when assisting Officer J. Robinson.]" (*Id.*, p. 3 on the docket.) Plaintiff also alleges a different set of factual circumstances supporting another instance of purported retaliation in sub-paragraph f. (*Id.*)

The proposed amended complaint is replete with allegations that contravene both Rule 10(b) and Rule 8. Consequently, the proposed amended complaint does not give Defendants "'fair notice of what the . . . claim is and the grounds upon which it rests[,]'" *Olmo*, 2016 WL 1728964, at *5, and frustrates their ability to respond to the allegations. *Itiowe v. United States Gov't*, 650 F. App'x 100, No. 15-3790, 2016 WL 2990404, at * 2 (3d Cir. May 24, 2016) (affirming the district court's dismissal of a *pro se* plaintiff's complaint and proposed amended complaint, reasoning that "[t]he complaint is virtually incomprehensible," and "[t]he District Court accurately characterized the document as rambling and mostly unintelligible.") Moreover, Plaintiff's allegations impede the Court's ability to evaluate Plaintiff's claims *sua sponte* as required by 28 U.S.C. § 1915A. *See Pollis v. Bd. of Chosen Freeholders*, Civ. No. 09-3009, 2009 WL 5064634, at *2 (D.N.J. Dec. 15, 2009) (holding that "the [c]ourt has no obligation to marshal the factual allegations that provide the basis of each claim[]" and dismissing the plaintiff's amended complaint finding that it

"constitutes the exact antithesis of the 'short and plain statement of the claim' required by Rule 8.").

Moreover, Plaintiff has not attached to the motion to amend a form of the proposed amended complaint as requested under Local Civil Rule 15.1 that indicates in what respects the proposed pleading differs from the operative complaint, by bracketing, striking through, or underlining. Consequently, the Court denies Plaintiff's motion to amend without prejudice. Plaintiff may, however, file a renewed motion for leave to file an amended complaint, and the proposed amended complaint must comply with the pleading requirements set forth in *Twombly*, Federal Rules 8 and 10, and the Local Civil Rules.

The Court next addresses Plaintiff's motion for *pro bono* counsel. "Indigent civil litigants possess neither a constitutional nor a statutory right to appointed counsel." *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002). Indeed, under 28 U.S.C. § 1915, Congress has only granted district courts the statutory authority to "request" that attorneys represent an indigent individual in a civil matter. *Id.* (citing 28 U.S.C. § 1915(e)(1)). This grant is interpreted as providing the courts with "'broad discretion' to determine whether appointment of counsel in a civil case would be appropriate." *Montgomery*, 294 F.3d at 498 (citing *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993), *cert. denied*, 510 U.S. 1196 (1994)). "As a threshold matter,

a [] court must assess" the merits of a plaintiff's case. *Id.* at 498-99. If a court finds that there is sufficient and factual merit to a claim, the court next turns to the factors set forth in *Tabron v. Grace* to assess whether appointment of *pro bono* counsel is warranted. *Id.* at 499. These factors include: (1) the movant's ability to present his or her own case; (2) the difficulty or complexity of the legal issues involved in the case; (3) the degree to which factual investigation will be required and the ability of the indigent plaintiff to pursue such investigation; (4) whether and to what extent the case is likely to turn on credibility determinations; (5) whether expert testimony will be required in presenting the case; and (6) whether the movant is able to retain and afford counsel on his or her own behalf. *Tabron*, 6. F. 3d at 156-157 (hereinafter, "Tabron factors"). No single *Tabron* factor is determinative. *Id.* at 157; *see also Montgomery*, 294 F.3d at 499.

Here, the District Court permitted a portion of Plaintiff's complaint to proceed beyond *sua sponte* dismissal. (*See* Opinion [D.I. 5]; Order [D.I. 6].) Consequently, the Court shall examine the *Tabron* factors to assess whether appointment of counsel is warranted.

With respect to the first *Tabron* factor, Plaintiff asserts that Plaintiff does not possess "sufficient knowledge and expertise" nor "experience in representing [himself] effectively"

to "address issues being raised that are a complex constitutional nature, as such." (Mot. for Pro Bono Counsel (hereinafter, "Pl.'s Mot.") [D.I. 16], p. 7 on the docket.) Plaintiff also avers that he "requires a trained attorney to argue the nuances of the applicable law[,] [f]or [he does] not understand the legal [] jargons or legal [] language," nor does he possess the ability "to acquire confidential documents or to investigate [] witnesses or freely [] investigate this case's records/reports, etc." on account of being placed on administrative segregation. (*Id.*) Plaintiff also asserts that he only possesses a 5th grade level of education, suffers from a history of mental issues, and has PTSD. (*Id.*)

In considering the first *Tabron* factor, courts generally consider a plaintiff's "'education, literacy, prior work experience, and prior litigation experience'" as well as "whether the plaintiff has access to necessary resources like a typewriter, photocopier, telephone, and computer." *Parham v. Johnson*, 126 F.3d 454, 459 (3d Cir. 1997) (quoting *Tabron*, 6 F.3d at 156). Additionally, "if the plaintiff is a prisoner, the restraints placed upon him or her by confinement" may also impact a litigant's ability to present his or her case. *Tabron*, 6 F.3d at 156. A plaintiff's own cogent submissions to a court, however, may indicate that an individual has the ability to effectively pursue a case. *See Clinton v. Jersey City Police Dep't*, No. 07-5686, 2009

8

WL 2230938, at *1 n.3 (D.N.J. July 24, 2009) (noting that "the plaintiff's ability to present an articulate complaint as well as other documents" did not support appointment of counsel). Moreover, Plaintiff's lack of legal training or education, alone, does not provide a basis for appointing counsel, "because it is a limitation held in common by most *pro se* parties." *Hooks v. Schultz*, No. 07-5627, 2010 WL 415316, at *1 n.2 (D.N.J. Jan. 29, 2010) (citing *Council v. Nash*, No. 06-007, 2007 WL 1651191 (D.N.J. June 1, 2007)).

Here, the Court notes the potential constraints Plaintiff's incarceration may place on his access to resources. However, the Court also notes Plaintiff's participation in this action overall that demonstrates an ability to prosecute his claims without the assistance of counsel at this time. For example, in addition to Plaintiff's present motion for appointment of *pro bono* counsel in which Plaintiff addresses the *Tabron* factors, Plaintiff has filed several letters with the Court. (*See* Ltrs. [D.I. 2, 3, 13, 14, 15].) The instant motion is also Plaintiff's second motion for appointment of *pro bono* counsel. (*See* Mot. to Appoint *Pro Bono* Counsel [D.I. 10], Feb. 8, 2019.) Finally, while Plaintiff asserts that he is an "inmate of special [] needs," has "a mental [] history," and suffers from PTSD, the Court finds that Plaintiff has presented several initial claims adequately thus far. (*See* Opinion [D.I. 5].) *See also Bragg v. Meo*, No. 17-5056, 2017 WL

6667516, at *2 (D.N.J. Nov. 2, 2017) (rejecting the position that plaintiff's ability to present his claims was constrained by his mental illness and holding that plaintiff had "thus far presented his case clearly and adequately"). Although Plaintiff has not appropriately articulated claims for his amended complaint, the Court notes that he will be provided additional time to do so. Accordingly, the Court finds that the first *Tabron* factor does not at this time weigh in favor of appointment of counsel.

As to the second *Tabron* factor, namely the complexity of the legal issues, Plaintiff claims that he does not possess sufficient knowledge or expertise in addressing issues of a "a complex constitutional nature." ("Pl.'s Mot. [D.I. 16], p. 7 on the docket.) Plaintiff also avers that he "requires a trained attorney to argue the nuances of the applicable law" because he lacks the ability to comprehend legal jargon. (*Id.*) In considering the second *Tabron* factor, the Third Circuit has instructed that the difficulty of the legal issues must be considered "in conjunction with . . . the plaintiff's capacity to present his own case." *Tabron*, 6 F.3d at 156. As stated in *Montgomery*, "where the law is not clear, it will often best serve the ends of justice to have both sides of a difficult legal issue presented by those trained in legal analysis." *Montgomery*, 294 F.3d at 502 (quoting *Tabron*, 6 F.3d at 156). Here, Plaintiff's claims involve allegations of excessive force. Cases involving claims of

10

excessive force are generally not determined to be overly complex in the context of the *Tabron* analysis. *See, e.g.*, *Porter v. Dooley*, No. 09-6068, 2011 WL 13142465, at *5 (D.N.J. May 13, 2011) (noting "the law concerning the use of excessive force is well-established," and thus concluding the second *Tabron* factor did not weigh in favor of appointment of counsel); *see also Shabazz v. Felsnik*, 129 F. App'x 726, 728 (3d Cir. 2005) (holding the district court properly applied the *Tabron* factors in denying the appointment of *pro bono* counsel and affirming the district court's finding that, with respect to the excessive force claims, "the legal and factual issues were not complex"). Consequently, this Court finds that the second *Tabron* factor weighs against appointment of counsel.

With respect to the third *Tabron* factor, Plaintiff asserts that he lacks "accessibility to acquire confidential documents or to investigate [] witnesses or freely [] investigate this case's records/reports, etc." on account of being placed in administrative segregation. (Pl.'s Mot. [D.I. 16], p. 7 on the docket.) When determining whether the third factor weighs in favor of appointment of counsel, the Court considers "the degree to which factual investigation will be required and the ability of the indigent plaintiff to pursue such investigation." *Tabron*, 6 F.3d at 156. Where the claim is expected to involve extensive discovery and compliance with complex discovery rules, *pro bono* counsel may

be warranted. *Id.* Here, the case is at its early stages. Defendants have not yet answered the complaint. *See Davis v. New Jersey Department of Corrections*, No. 17-6898, 2018 WL 4179462, at *10 (D.N.J. Aug. 31, 2018) (denying plaintiff's motion for *pro bono* counsel, in part, because "at this early stage in the proceedings," the court could not determine how much discovery would be required.) Moreover, while Plaintiff asserts that he is on administrative segregation,[1] nothing in the record indicates that Plaintiff must comply with complex discovery rules or engage in extensive discovery at this time. Consequently, the Court finds that the third *Tabron* factor does not weigh in favor of appointment of counsel.

Plaintiff does not address the fourth *Tabron* factor. However, in considering the fourth *Tabron* factor, courts assess whether the claim "is likely to turn on credibility determinations[.]" *Tabron*, 6 F.3d at 156. Appointing *pro bono* counsel may be warranted when "the only evidence presented to the factfinder consists of conflicting testimony." *Id.* (quoting *Maclin v. Freake*, 650 F.2d 885, 888 (7th Cir. 1981)). The Third Circuit has described the inquiry explaining that "courts should determine whether the case [will be] solely a swearing contest." *Montgomery*, 294 F.3d at 505 (citation omitted). Excessive force claims often

---

[1] The Court also notes that by way of letter dated April 26, 2019, Plaintiff asserts he has been relocated to South Woods State Prison. (*See* Pl.'s Ltr. [D.I. 17], Apr. 26, 2019.)

involve conflicting testimony. Consequently, at this time, the Court concludes that the fourth *Tabron* factor may suppoert appointment of counsel.

As to the fifth *Tabron* factor, the Court assesses whether the case will likely require expert testimony. Plaintiff does not address this factor. The Court notes that "appointed counsel may be warranted where the case will require testimony from expert witnesses." *Tabron*, 6 F.3d at 156. However, at this time, as there has been no showing that expert testimony will be utilized, the Court finds that the fifth *Tabron* factor does not support appointment of *pro bono* counsel.

Finally, as to the sixth *Tabron* factor, "courts consider the plaintiff's financial situation and overall effort to obtain counsel on his or her own behalf." *Porter*, 2011 WL 13142465, at *6. Here, Plaintiff claims that "[Plaintiff] is indigent" and unable to afford an attorney. (*See* Pl.'s Mot. [D.I. 16], p. 7 on the docket.) Moreover, Plaintiff avers that he has been unable to hire an attorney despite attempts to do so. (*Id.*) As Plaintiff asserts that he cannot afford or obtain counsel, the Court finds that the sixth *Tabron* factor weighs in favor of appointment of *pro bono* counsel. However, on balance, the Court finds that the *Tabron* factors as a whole do not support appointment of *pro bono* counsel at this time.

Consequently, for the reasons set forth herein, and for good cause shown,

IT IS on this **17th** day of **June 2019**,

**ORDERED** that Plaintiff's motion for leave to file an amended complaint [D.I. 12] shall be, and is hereby, **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that Plaintiff's motion for appointment of *pro bono* counsel [D.I. 16] shall be, and is hereby, **DENIED WITHOUT PREJUDICE**.

s/ Ann Marie Donio
ANN MARIE DONIO
UNITED STATES MAGISTRATE JUDGE

cc: Hon. Renée Marie Bumb

14