Civil Action No. 1:18-cv-14861-RMB-AMD :    Fr: Dana T. Braunskill
                14851                         sp#234594 / sBI#771471

To: Marvin Freeman,            South Woods State Prison
Deputy Attorney General        #215# Burlington Rd. So.
of New Jersey. R.J. Hughes     Bridgeton, New Jersey. 0830(
Justice Complex, #25# Market Street,
P.O. Box # 112#, Trenton, New Jersey.     RECEIVED IN CHAMBERS OF
          08625-0112                 FEB 18 2020
                                         RENÉE MARIE BUMB, U.S.D.J.

United States District Court
For The District Court of New Jersey
(Vicinage OF Camden)

Dana T. Braunskill,           Honorable-Renee Marie Bumb,
    Plaintiff.                     U.S.D.J.

       V.

Jeffrey Robinson, Albert Vanderlin,
Constantine West, R. Byrd and Kyle Brown,
               Defendants.

Pre-Trial Memorandum OF Law In Response To Defendants
       Affirmative Defense Documents

## First Cause of Action

(1) On date of November 29th 2017., at approximately 8:00AM-9:00AM. Plaintiff was wantonly, maliciously, sadistically and visciously assaulted by all Defendants. The defendants whom had kicked punched and stomped — the Plaintiff during the "assault" and uncuffed at time of physical confrontation and next while plaintiff's cuffed behind his back— while plaintiff's laying face down (in his own blood) on ground. Moreover, plaintiff's "frisked" by the defendant Jeffrey Robinson

(Cont'd. 2 of 6)

at the time of attempting to participating in a recreation-movement (yard). Plaintiff's subjected to being "frisked" by officer Jeffrey Robinson, and this officer's roughly began to "frisk" my person and "nearly" penetrated my "anus-cavity" by pushing his finger against the surface of my anus. Then I'm next being subjected to his "frisking" my genitals, and testicles are squeezed by his hand to causing me to feel pain. Thus, officer J. Robinson's whispered into my left-ear, "stating"; that's for not being prepared... how do you like that?!" Next, I exited the unit-lobby to exiting the door and walk down 6-steps (concrete) to landing inside of courtyard. He next "stated"; "if you don't like it comeback in -- come back up!" My reply's, "you know the way, you come down". Next, Defendant J. Robinson, then called Plaintiff, "Punk mother fucker". Then he taken off his shades (glasses) and he's swiftly and aggressively walking down 6 steps to landing onto courtyard-ground—he's "clinching" both of his hands into a "fist" (wearing black leather gloves) and approaches me in an aggressive and offensive mannerism. Thus, defendant's closer to the face of plaintiff and that's the reason that plaintiff perceived an imminent threat exists and plaintiff feared for his safety and life. Plaintiff's actions warranted out of self-defense in defending himself from further "assaultive-behaverism" conducted by this "officer" named Jeffrey Robinson

## Second
## Cause Of Action

2) The Defendant(s) are each being sued in his individual and ~~official capacity~~ and jointly. Defendant Jeffrey Robinson, is a corrections officer and place of employment at Bayside State Prison of Leesburg, New Jersey. The defendant's own actions were "assault" and "sexual-assault" against the Plaintiff, on November 29th 2017. The Defendant J. Robinson nearly penetrated plaintiff's anus-cavity by pushing his finger practically into plaintiff's anus/rectum while "frisking" plaintiff. Next the Defendant J. Robinson's attacking the plaintiff inside of (yard) recreation-courtyard. (Adverse.)

(3) The Defendant(s) Albert Vanderlinden, is being sued in his individual and official capacity and jointly. Defendant A. Vanderlinden, is a corrections officer and place

(Cont'd 3 of 6)

of employment at Bayside State Prison of Leesburg, New Jersey. Defendant A. Vanderlinden, did "assault" the Plaintiff as plaintiff is on the ground laying face-down and handcuffed behind his back. This officer A. Vanderlinden, was punching, kicking and stomping on "plaintiff", and having caused plaintiff numerous injuries suffered. (Adverse)

4) Constantine West, is being sued in his individual capacity and jointly. Defendant C. West, is a correction officer and place of employment at Bayside State Prison of Leesburg, New Jersey. This defendant C. West — did "assault" the plaintiff while "cuffed and uncuffed" behind his back and laying on the ground of concrete surface, and repeatedly kicked, punched and stomped on the Plaintiff, which lead to plaintiff's injuries suffered.

5) Then Defendant C. West — next climbed atop a "table-stool" and "jumped-off" it, coming directly down on "top" of plaintiff's "back" and "hip-side". Thus, defendant's contact and actions were without any penelogical-interest and goals to restore order and control of the Plaintiff, wholly. The defendant C. West, actions was "excessive-force" and not done so within "good-faith", and "violated" the "Use of excessive-force" very "policy and protocols". (Adverse)

6) W. Hewitt, is being sued in his individual capacity and jointly. Defendant W. Hewitt, is a correction officer at Bayside State Prison of Leesburg, New Jersey. This defendant W. Hewitt, did assault and abuse the Plaintiff — while he's subdued by other officers named in above Civil Action, herein. The defendant W. Hewitt, did kick, punch and stomp on Plaintiff's "torso" several times, and in doing so caused several injuries to Plaintiff — suffered. (Adverse)

7) R. Byrd-Defendant(s) is being sued in his individual capacity and jointly. Defendant R. Byrd, is a correction officer and place of employment at Bayside State Prison of Leesburg, New Jersey. Defendant R. Byrd, did "assault" the Plaintiff, while handcuffed (and uncuffed) behind his "back" and commenced to kick,

Cont'd.
(4 of 6)

punch and stomp on the plaintiff's "uper-torso" and "lower-backside" several times. Defendant's acting in an "unprofe-sional manner" and "misconduct" by his "use" of "excessive-force" and showing a form of "deliberate-indifference" — in the "use of force" and "without" any 'degree' of "penalodgical-interests" or "goals" to restore control or order over plaintiff, entir (Adverse)

8) Defendant-Kyle Brown, is being sued in his individual capacity and jointly. Defendant K. Brown, is a correction officer and place of employment at Bayside State Prison of Leesburg, New Jersey. The Defendant K. Brown, did "assault" the plaintiff and attacked the plaintiff while handcuffed and u cuffed. Defendant K. Brown, used "excessive-force" after the plaintiff is subdued and then after the plaintiff's cuffe behind his "back" while laying on the concrete-ground on his face and body — defendant's punching, kicking and stomping on plaintiff's "torso" and striking his "fists" into plaintiff head, face and neck (repeatedly). The Defendant's actions was unwarranted — in his applying the "use of excessive-force" or "use o force" against the Plaintiff. The Defendant(s) K. Brown own showing of "ill-actions" was doneso within "bad-faith", and did indeed "violated" the Plaintiff very Rights. (Adverse)

### Relief

1) Plaintiff previously sought informal or formal relief from the appropriate administrative officials regarding the "acts" complained of herein. But the Plaintiff's complaints was totally ignored. Plaintiff Seek damages for what he suffered at the "hands" of all officers/officials. Plaintiff seek to be compensated for the physical-abuses and the emotional-mental-stress of being assaulted and molested from such a viscious, malicious, sadistic and wanton "ordeal in and of itself. Plaintiff's suffering from this "assault" and has nightmares over and over. Plaintiff's severely "traumatized" as a direct result of such an "assault", wholly.

(Cont'd 5 of 6)

(10) Plaintiff seeks damages of 100,000 dollars in compensation damages from each Defendant. Plaintiff also seeking punitive damages in the amount of 100,000 dollars from each Defendant.

### Exhibits

(11) Plaintiff is still without his "medical records" at this time and making it impossible to have such evidence "marked" into "evidence".

## Discovery

(12) At this point, Plaintiff is having difficulty obtaining his Medical Records to provide to defendants with Discoverys.

Plaintiff does not have access to an expert witness to call at trial or opinion to express. Plaintiff has to rely on himself as a Pro Se (Litigant) Plaintiff.

Note: Haines v. Kerner, 404 U.S. 519-21 30 L.Ed 652, 92 S.Ct 594 (1972), pro se complaint is entitled to a close and sympathetic reading. Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002) (citing Holly v. Dept. of Veterans Affairs, 165 F.3d Cir. 1999). The Court will take into account that this Plaintiff is proceeding Pro Se, and will liberally construe the pleadings and will apply the applicable law, "irrespective of whether the Pro Se Litigant has mentioned it by name." Ellis v. Butler, 890 F.2d 1001, 1003 (8th Cir. 1989) Qouting Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30. L.Ed.2d 652 (1972)

In conclusion. Plaintiff does pray- that the Court will grant this petition and relief sought.

Please do show acknowledgement towards this submission of documentation and verification. "Thank you"

Dated: Feb. 14th 2020:    Yours Respectfully, Mr. Dana T. Braunskill

Mr. Dana T. Braunskill

sp#234544*/sBI#771471A#
Mr. Dana T. Braunski'll,
SOUTH WOODS STATE PRISON
215 BURLINGTON ROAD SOUTH
BRIDGETON, NJ 08302

S JERSEY
15 FEB 20
PM 4 L

PRAYER

LEGAL PLEADINGS  081022348

To: Honorable-Renee M. Bumb, U.S.D.J.,
Mitchell H. Cohen U.S. Federal Courthouse,
Rm. 1050, #1 John F. Gerry Plaza,
4th & Cooper Streets, Camden, New Jersey.
08101.

NEOPOST
02/15/2020
US POSTAGE $000.85⁰
ZIP 08302
041M1 1297259