## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

DANA T. BRAUNSKILL, : CIV. NO. 18-14851 (RMB/AMD)
:
       Plaintiff :
:
v. : **OPINION**
:
OFFICER JEFFREY ROBINSON, :
*et al.*, :
:
       Defendants :

BUMB, Chief United States District Judge

     This matter comes before the Court upon Plaintiff Dana T. Braunskill's ("Plaintiff") second motion for reconsideration and request to reopen time to file an appeal. (Dkt. No. 97.) For the reasons discuss below, the Court will deny Plaintiff's second motion for reconsideration and grant Plaintiff's request to reopen time to file an appeal.

## I. PROCEDURAL HISTORY

     On January 23, 2019, this Court granted *pro se* Plaintiff Dana Braunskill's application to proceed *in forma pauperis* under 28 U.S.C. § 1915(a), and permitted his Eighth Amendment excessive force claims under 42 U.S.C. § 1983 to proceed. (Opinion and Order, Dkt. Nos. 5, 6.) On November 12, 2021, Defendants filed a motion for summary judgment, arguing that Plaintiff failed to exhaust administrative remedies of his § 1983 claims regarding prison conditions, as required by the Prison

Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a).  (Dkt. No. 68-1.)  On

December 14, 2022, the Court held a bench trial on PLRA exhaustion.  (Dkt. No.

86.)  The Court found Plaintiff's testimony concerning his exhaustion of

administrative remedies was not credible (Transcript, Dkt. No. 89), and granted

Defendants' motion for summary judgment.  (Order, Dkt. No. 87.)  On December

29, 2022, Plaintiff filed a motion for reconsideration of the Order granting

Defendants' motion for summary judgment.  (Mot. for Reconsideration, Dkt. No.

88.)  By Opinion and Order dated July 21, 2023, this Court denied Plaintiff's motion

for reconsideration.  (Opinion and Order, Dkt. Nos. 93 and 94.)  This matter is now

before the Court upon Plaintiff's second motion for reconsideration and request to

reopen time to file an appeal.

## II.    DISCUSSION

### A.    Plaintiff's Second Motion for Reconsideration

On December 19, 2023, the Court received a letter from Plaintiff, dated

December 1, 2023, asserting that he did not receive the Court's Order denying his

motion for reconsideration until November 3, 2023.  (Letter, Dkt. No. 97.)  Plaintiff

asserts the approximate four-month delay was caused by the Court's mailing error.

(*Id.* at 2.) Therefore, Plaintiff seeks to reopen the time to file an appeal.

Furthermore, Plaintiff seeks reconsideration of the Court's denial of his first

motion for reconsideration.  Plaintiff contends the record contains errors, primarily

concerning the time of his transfer from Southern State Correctional Facility to

Northern State Prison on December 1, 2017, and his disciplinary hearing

proceedings.  None of the alleged factual errors would alter this Court's conclusion that Plaintiff was not credible when he testified that he submitted a remedy-inquiry form to an unknown officer in the detention unit of Southern State Prison and never received a response.  (*See* Transcript, Dkt. No. 89; Opinion, Dkt. No. 93.)  Therefore, this Court finds no basis for reconsideration of its previous Order denying Plaintiff's first motion for reconsideration.

**B.     Request for Extension of Time to Appeal**

The Court also construes Plaintiff's letter request (Dkt. No.  97) as a motion to reopen the time to appeal under Federal Rule of Appellate Procedure 4(a)(6), which provides (emphasis added):

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if *all the following conditions* are satisfied:
>
> > (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
> >
> > (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
> >
> > (C) the court finds that no party would be prejudiced.

On December 16, 2022, the Court granted summary judgment to Defendants after a bench trial on PLRA exhaustion.  (Order, Dkt. No. 87.)   Plaintiff filed a

timely motion for reconsideration under Fed. R. Civ. P. 59(e), received by the Court on December 29, 2022.  (Mot. for Reconsideration.)  When a party files a timely Rule 59(e) motion, "the time to file an appeal runs from the entry of the order disposing of the last such remaining motion."  Fed. R. App. P. 4(a)(iv); *Long v. Atl. City Police Dep't*, 670 F.3d 436, 440 (3d Cir. 2012).

Under Fed. R. App. P. 4(a)(6)(B), a court may only grant a motion to reopen time to file an appeal if the motion is filed the earlier of two dates, 180 days after entry of judgment or 14 days after the moving party receives notice of entry.  Plaintiff received notice of entry of judgment on November 3, 2023, and his letter to the Court, where he requests to reopen the time to appeal, is dated by Plaintiff on December 1, 2023, more than 14 days later.  Thus, the Court may not reopen Plaintiff's time to appeal.

## III.   CONCLUSION

For the reasons discussed above, the Court will deny Plaintiff's second motion for reconsideration, and will deny Plaintiff's motion to reopen time to appeal.

An appropriate Order follows.

**DATE:  January 4, 2024**

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**Chief United States District Judge**